UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------

JASON SIMMONS,

                Plaintiff,

       v.

NYC DEPARTMENT OF
CORRECTIONS; COMMISSIONER OF
NYC DEPARTMENT OF
CORRECTIONS; WARDEN OF RIKERS
FACILITY; NYC POLICE
DEPARTMENT; JANE DOE, ESQ.; ALAN
M PERRY, PHD.; STACY MEISNER,
ESQ., JANE DOE, N.P.; RICARDO; and
MAX BAUMBACH, ESQ.

             Defendants.

-----------------------------------------------------

                           **MEMORANDUM AND ORDER**
                           23-CV-7829 (RPK) (RML)

RACHEL P. KOVNER, United States District Judge:

     *Pro se* plaintiff Jason Simmons, an inmate at Otis Bantum Correctional Center, filed this

lawsuit under 42 U.S.C. § 1983 alleging conspiracy to violate plaintiff's rights, fraud, cruel and

unusual punishment, and criminal neglect. *See* Compl. (Dkt. #1). Four of the defendants—the

Commissioner of the New York City Department of Corrections, Warden of Rikers Facility, New

York City Police Department, and New York City Department of Corrections (collectively, "City

Defendants")—moved to dismiss. *See* Mot. to Dismiss (Dkt. #19-1). Plaintiff subsequently filed

a motion to join additional defendants, a motion for summary judgment, and two motions for a

permanent injunction. *See* Pl.'s Rule 20 & Rule 21 Request for Joinder of Parties ("Mot. for

Joinder") (Dkt. #21); Pl.'s Mot. for Summ. J. (Dkt. #25); First Mot. for Permanent Inj. (Dkt. #29);

Second Mot. for Permanent Inj. (Dkt. #30). For the reasons that follow, the Court grants the City

Defendants' motion to dismiss and denies without prejudice plaintiff's motion for summary judgment, motions for injunctive relief, and motion for joinder.

## BACKGROUND

Plaintiff filed this suit on October 19, 2023. *See* Compl. His complaint alleges several incidents of mistreatment while incarcerated at a correctional facility on Rikers Island. *See generally* Compl. Plaintiff alleges that he was wrongly diagnosed with a psychiatric condition and prescribed inappropriate medications, *id.* at 5–7, 19–22 (ECF pagination), denied access to Muslim and Christian services and not given a Bible as requested, *id.* at 16–17, 25–27, deprived of a blanket for a night, *id.* at 12, locked in his cell for days without a working toilet or sink, *id.* at 23–25, and not given any materials from the law library, *id.* at 8. Plaintiff further alleges that defendants conspired to coerce him into confessing a double murder. *Id.* at 18. He asserts that, when his fitness for trial was being evaluated, he was not given an opportunity to consult with his attorney without psychologists present, was not shown an allegedly inculpatory video, and was questioned by psychologists about how he would defend himself. *Id.* at 7–8. Plaintiff seeks damages under Section 1983 based on these incidents, which he describes as constituting civil rights violations, fraud, and criminal neglect. *Id.* at 30; *see id.* 17–28.

On April 10, 2024, the City Defendants moved to dismiss the claims against them, arguing that (1) plaintiff failed to plead personal involvement on the part of the Commissioner and the Warden; (2) plaintiff's conspiracy claims were too vague and conclusory to state a plausible claim; and (3) the New York City Department of Corrections and New York City Police Department are non-suable entities. *See* Mot. to Dismiss.

Plaintiff opposed the motion to dismiss and filed a motion to join the City of New York, Allison John MHP, and Dr. Suarez as defendants, stating that he had "improperly" named as

defendants Alan M. Perry, Shao Liang, Stacy Meisner, Jane Doe, Allison Johnson, Riker Security Guards, Ricardo, Max Baumbauch, and members of the New York City Police Department, rather than the City of New York. *See* Mot. for Joinder 2, 4–5. Addressing the motion for joinder, the Court granted leave to file an amended complaint naming the new defendants by June 10, 2024, noting that an amended complaint might moot the City Defendants' motion to dismiss. *See* May 9, 2024 Order. After plaintiff failed to file an amended complaint within the time allotted, the Court *sua sponte* extended the time for plaintiff to file an amended complaint to July 10, 2024. *See* June 18, 2024 Order. No amended complaint was filed. Instead, plaintiff filed a motion for summary judgment and two motions for injunctive relief. *See* Pl.'s Mot. for Summ. J.; First Mot. for Permanent Inj. (seeking to enjoin the judge in plaintiff's criminal case); Second Mot. for Permanent Inj. (asking the Court to sanction the judge in plaintiff's criminal case, disbar the defense and prosecution attorneys, end a pending criminal case, find defendants guilty of conspiracy, and order plaintiff released); *see also* Pl.'s Addendum to His Request for Permanent Inj. (Dkt. #31).

## DISCUSSION

The City Defendants' motion to dismiss is granted, and plaintiff's motions for summary judgment, injunctive relief, and joinder are denied.

### I.    The City Defendants' Motion To Dismiss

The City Defendants' motion to dismiss is granted. To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The facial "plausibility standard is not akin to a probability requirement," but it requires a plaintiff to allege sufficient facts to allow "the court to draw the reasonable

3

inference that the defendant is liable for the misconduct alleged." *Ibid.* (citing *Twombly*, 550 U.S. at 556–57) (quotation marks omitted). In contrast, a complaint fails to state a plausible claim when, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," *Iqbal*, 556 U.S. at 679. Though the court must accept all facts alleged in the complaint as true, it need not adopt "[t]hreadbare recitals of the elements of a cause of action" that are "supported by mere conclusory statements." *Id.* at 678. When a plaintiff proceeds *pro se*, his complaint must be "liberally construed," and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under these principles, plaintiff fails to state a claim for conspiracy in violation of Section 1983; fails to plausibly allege any other claim against the Commissioner or Warden; and fails to state a claim against the New York City Police Department or Department of Corrections because they are non-suable entities.

### A.    Conspiracy Claim

Plaintiff fails to allege facts supporting a conspiracy claim. To plausibly allege a Section 1983 conspiracy, a plaintiff must allege: "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999). "[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." *Ciambriello v. County of Nassau*, 292 F.3d 307, 325 (2d Cir. 2002) (citation omitted) (holding that conspiracy allegations were "strictly

conclusory" when plaintiff failed to "provide[] any details of time and place" and "failed to specify in detail the factual basis necessary to enable defendants intelligently to prepare their defense" (brackets, quotation marks, and citations omitted)).

Plaintiff fails to allege a conspiracy with the requisite specificity. Plaintiff states that several defendants made an "agreement" to coerce him into confessing to a double murder, Compl. 18, but he does not identify "specific instances of misconduct" related to this conspiracy, *Ciambriello*, 292 F.3d at 325. Although plaintiff alleges that he was forced to meet with psychologists to determine his fitness for trial and that their questioning felt like "he was being prosecuted," Compl. at 7–8, these assertions do not plausibly show a conspiracy by defendants to coerce plaintiff into confessing murder. Plaintiff provides only "the type of vague, conclusory, and general allegations that, standing alone, are routinely found lacking under Rule 12(b)(6)." *Garland v. City of New York*, 665 F. Supp. 3d 295, 311 (E.D.N.Y. 2023) (citation omitted) (dismissing conspiracy claim when plaintiffs failed to "proffer any nonconclusory facts regarding the nature of the conspiracy, [d]efendants' membership in the conspiracy, or the overt steps taken by any of the defendants in furtherance of that conspiracy").

### B.    Remaining Claims Against the Commissioner and Warden

Plaintiff's remaining claims against the Commissioner and Warden are dismissed for failure to plead personal involvement. "Because vicarious liability is inapplicable to . . . [Section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [Section] 1983.").

Plaintiff does not allege any individual action taken by the Commissioner or Warden. *See generally* Compl. Nowhere in the complaint is the Warden mentioned, except in naming the Warden a defendant. *Ibid.* And beyond conclusory allegations of conspiracy that are insufficient to state a claim for reasons discussed above, plaintiff does not allege any "individual actions" taken by the Commissioner. *Iqbal*, 556 U.S. at 676. Plaintiff thus fails to state a claim against these defendants.

### C. Claims Against New York City Police Department and Department of Corrections

Plaintiff's claims against the New York City Police Department and Department of Corrections are dismissed because they are non-suable entities. Under New York law, "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency." *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (quoting N.Y.C. Charter § 396). The New York City Police Department and the Department of Corrections are therefore non-suable entities. *See ibid.* ("[T]he NYPD is a non-suable agency of the City."); *Best v. Merchant*, No. 21-CV-779 (GHW), 2022 WL 17551935, at *9 (S.D.N.Y. Dec. 9, 2022) ("[T]he DOC is a non-suable entity.").

### II. Plaintiff's Motions

Plaintiff's motions for summary judgment and a permanent injunction are denied as premature. Plaintiff's motion for joinder is denied without prejudice to the filing of an amended complaint setting forth the facts supporting claims against the proposed additional defendants.

Plaintiff's motion for summary judgment is denied as premature. "While Rule 56(b) allows a motion for summary judgment to be made 'at any time,' courts will 'routinely deny motions for summary judgment as premature when discovery over relevant matters is incomplete.'" *Allen v. Sanderson*, No. 24-CV-332 (LEK) (TWD), 2024 WL 3519688, at *2 (N.D.N.Y. July 24, 2024)

6

(quoting *Toussie v. Allstate Ins. Co.*, 213 F. Supp. 3d 444, 445 (E.D.N.Y. 2016)).  All parties must have "a reasonable opportunity to make their record complete" before summary judgment is granted.  *Toussie*, 213 F. Supp. 3d at 446 (quoting *Elliott Assocs., L.P. v. Republic of Peru*, 961 F.Supp. 83, 86 (S.D.N.Y. 1997)).

Because defendants have not filed an answer or received a reasonable opportunity to complete discovery, plaintiff's motion for summary judgment is premature.  To the extent any claims proceed in this case, plaintiff may re-file a summary judgment motion after the conclusion of discovery.  *See Sanchez v. Nassau County*, No. 17-CV-7335 (JFB) (AKT), 2019 WL 1253283, at *2 (E.D.N.Y. Mar. 18, 2019) ("[P]re-discovery summary judgment is the exception rather than the rule and will be granted 'only in the clearest of cases.'" (quoting *Wells Fargo Bank Nw., N.A. v. Taca Int'l Airlines, S.A.*, 247 F. Supp. 2d 352, 359–60 (S.D.N.Y. 2002)).

Plaintiff's motions for a permanent injunction are denied without prejudice to renewal if plaintiff prevails on the merits of his claims.  "To prevail on a motion for a permanent injunction, a plaintiff must both succeed on the merits and demonstrate the absence of an adequate remedy at law and irreparable harm if the relief is not granted."  *Davis v. Shah*, 821 F.3d 231, 243 (2d Cir. 2016) (quotation marks and citation omitted).  There has not yet been any adjudication of the merits of plaintiff's claims.  Indeed, as explained above, no discovery has occurred, and defendants have not yet filed an answer.  Accordingly, plaintiff is not entitled to a permanent injunction at this stage.

Plaintiff's motion for joinder is also denied.  Under Federal Rule of Civil Procedure 20(a)(2), plaintiff may join defendants into one action if "any right to relief is asserted against them . . . with respect to or arising out of the same transaction, occurrence or series of occurrences" and if "any question of law or fact common to all defendants will arise in the action."  Further,

under Federal Rule of Civil Procedure 21, the Court "may at any time, on just terms, add or drop a party."

Plaintiff's motion to join individual defendants "Allison Johnson MHP" and "Dr. Suarez," Mot. for Joinder 2, is denied without prejudice to renewal. When a plaintiff seeks to "assert new claims against those whom the [p]laintiff seeks to join as defendants," the plaintiff must either "attach a proposed amended complaint" or "adequately explain the basis for, and nature of, the proposed amendment." *Brown v. Chappius*, No. 13-CV-105, 2014 WL 1795015, at *3 (W.D.N.Y. May 6, 2014); *see also Deveer v. Gov't Emps. Ins. Co.*, No. 07-CV-4437 (JS) (AKT), 2008 WL 4443260, at *7 (E.D.N.Y. Sept. 26, 2008). Plaintiff has not filed an amended complaint or explained the nature of his proposed claims against Allison Johnson and Dr. Suarez, such as their role in causing the alleged constitutional violations. The Court therefore cannot assess whether joinder would be proper. Plaintiff may refile a motion to join these defendants if he also files an amended complaint that sets forth his claims against these defendants.

Similarly, plaintiff's request to join the City of New York as a defendant is denied without prejudice to the filing of an amended complaint that specifies the basis for holding the City liable. Courts considering requests to join additional defendants typically consider whether the proposed joinder would be futile. *See Deveer*, 2008 WL 4443260 at *7. Plaintiff suggests in his motion for joinder that he is seeking to add the City of New York as the proper defendant for his claims against various individual defendants "as a matter of form because the stated individuals are its employees," Mot. for Joinder 5, but municipalities such as New York City are "not vicariously liable under [Section] 1983 for their employees' actions." *Connick v. Thompson*, 563 U.S. 51, 60 (2011). Instead, they can be held liable under Section 1983 only if an "action pursuant to official municipal policy of some nature" caused the alleged deprivation of the plaintiff's rights. *Monell*

*v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 691 (1978); *see Connick*, 563 U.S. at 60–61.  A plaintiff who seeks to hold a municipality liable under Section 1983 must allege (1) "an official policy or custom," that (2) "cause[d] the plaintiff to be subjected to," (3) a "denial" of a federally guaranteed right.  *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007).  Plaintiff does not allege any official policy or custom that caused the alleged constitutional violations.  *See generally* Compl.  Accordingly, plaintiff's request that the City be added as a defendant—without the filing of an amended complaint containing allegations about any municipal policy—would be futile.  Plaintiff may refile a motion to join the City if he also files an amended complaint that sets forth a basis for municipal liability.

## CONCLUSION

For the foregoing reasons, the Court grants the City Defendants' motion to dismiss and denies without prejudice plaintiff's motions for summary judgment, injunctive relief, and joinder.  Plaintiff may file an amended complaint within thirty days of this order.  If plaintiff does not file an amended complaint within thirty days, judgment shall be entered dismissing all claims against the Commissioner of the New York City Department of Corrections, Warden of Rikers Facility, New York City Police Department, and New York City Department of Corrections.  The Clerk of Court is respectfully directed to mail a copy of this order to plaintiff.

SO ORDERED.

 _/s/  Rachel Kovner_____
RACHEL P. KOVNER
United States District Judge

Dated: March 14, 2025
          Brooklyn, New York